Mr. Justice Thacher
delivered the opinion of the court.
Appeal from the circuit court of Noxubee county.
Rupert instituted an action against Grant, as drawer, and Wooldridge as indorser, of two bills of exchange. Yerdict and judgment against Grant and in favor of Wooldridge.
The. material facts disclosed by means of a motion for a new trial are that the deposition of Gwathney, an indorser of the bills of exchange, was ruled out of the evidence, and that the jury based their verdict as to Wooldridge upon the supposition that Andrews, whose depositions were read upon the trial, proved that Gwathney, who was the holder of the bills at their maturity, gave time to the acceptors of the bills after their maturity, and without the consent of the defendants.
The deposition of Gwathney, procured by the plaintiff, was proved not to have contained the name of any commissioner at the time itissued from the circuit.court. This was irregular, as thecommissionerderives his authority by the special appointment of the court, and is thereby constituted an officer of the court to the extent of his commission. H. & H. 603, sec. 16. Doe ex dem. Martin v. King's Heirs. 3 H. 141. The’deposition was therefore properly ruled out. The action of the circuit court.in reference to this deposition was not a good ground for a new trial on the score of the party’s surprise. He should have been prepared for trial, and it was his own laches that the commission was irregularly sent out. The clerk of the circuit court was subject to his directions so far as in accordance with the statute. Smith v. The Nutchez Steamboat Co. 1 H. 495.
Two depositions were taken from Andrews. One, taken on the 4th day of April, 1843, was offered in evidence by the defendants ; and the other, taken on the 26th day of March, 1844, was offered in evidence by the plaintiff. The first deposition of Andrews establishes, that, at about the time of the maturity of *439 the bills, he called upon Gwathney, then their holder, and informed him that the acceptors would not be able to take them up, but that they were in daily expectation of hearing from the drawer, and expected to receive from him the funds by which to meet the bills; that on the 4th day of January, 1840, the acceptors paid Gwathney ten per cent, on the amount of the bills; that he did not recollect what understanding was had with Gwathney “ in relation to the time for the balance, but thinks it was indefinite further than the time it should be received from ” the drawer; and that he has no recollection of any definite time of payment having been agreed upon. The second deposition contains the same statement in regard, to the payment of the ten per cent, on the amount of the bills, and states that the witness has no recollection of any “specified time ” having been agreed upon for the payment of the balance due on the bills.
There is no discrepancy in the two depositions in regard to the facts, although the second is not as full as the first. Both of them establish that no particular extent of time was agreed upon for delay in the payment; but the first establishes the fact that a delay was granted, at least until something could be heard from the drawer, but how much longer was left indefinite. There seems to have been enough to warrant the jury in their finding for the indorser. There was a promise upon a consideration; that promise of indulgence was definite, at least to a certain extent, and was granted without the assent of the indorser. The circumstances seem amply to warrant the view adopted by the court below in declining to grant a new trial, and to warrant the opinion of this court as previously promulgated. Newell & Pierce v. Hamer et al. 4 H. 692.
J ud guien t affi rmed.